IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Cr. No.: 23-01085-WJ |
| **JERMAINE STALLWORTH**, | ) ) ) |
| Defendant. | ) ) |

### UNITED STATES' SENTENCING MEMORANDUM

The United States respectfully requests that this Court accept the parties' plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and sentence Defendant Jermaine Stallworth ("Mr. Stallworth") to 5 years supervised probation and an $8,000.00 fine. In support, the United States provides:

### INTRODUCTION

Mr. Stallworth abused his position as a United States postal employee and supervisor to obtain money for his own benefit. This conduct is worthy of a probationary sentence and significant fine.

### PROCEDURAL HISTORY

On February 13, 2023, the United States approved a criminal complaint charging Mr. Stallworth with Unlawful Delay and Destruction of Mail in violation of 18 U.S.C. § 1703(a). (Compl. (Doc. 1).) On July 14, 2023, Mr. Stallworth pleaded guilty to a single count information charging the same (Inform. (Doc. 19)) pursuant to a plea agreement (Doc. 22). Therein, the

parties agreed that the appropriate disposition is a specific sentence of 5 years supervised probation and an $8,000.00 fine. (Plea Agree. ¶ 11(a).)

On September 7, 2023, the United States Probation Office ("Probation") filed a Presentence Investigation Report ("PSR") and calculated Mr. Stallworth's guideline imprisonment range as 0 to 6 months (offense level 6 and criminal history category I). (PSR (Doc. 25) ¶ 62.) The United States does not object to Probation's guideline calculation. On September 29, 2023, Probation filed an addendum to the PSR to correct some of the factual statements made within the PSR. (Add. to PSR (Doc. 27).) On October 2, 2023, Probation filed a second addendum to the PSR rejecting Mr. Stallworth's request to remove an alias listed within the PSR. (2nd Add. to PSR (Doc. 28).)

## ARGUMENT

This Court should impose a sentence of 5 years supervised probation and an $8,000.00 fine. The United States Sentencing Guidelines ("Guidelines") are advisory. *See United States v. Booker*, 543 U.S. 220, 233 (2005). A district court cannot presume that a guideline sentence is reasonable and must conduct an analysis using both the guidelines and the sentencing statutes. *Rita v. United States*, 551 U.S. 338, 347-48 (2007). However, a reviewing court may presume that a properly calculated guideline sentence is reasonable. *Id.*

The statutory sentencing factors courts must apply include: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed — (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the

defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]" 18 U.S.C. § 3553(a)(1), (2)(A)-(D).

I. **The Nature and Circumstances of Mr. Stallworth's Conduct Weighs in Favor of Probation and a Significant Fine**

Mr. Stallworth abused his position of power for his own pecuniary gain.  He opened letters, rifled through mail, and effectively stole money from unwitting users of the United States Postal Service ("USPS").  (PSR ¶¶ 10-13; Add. to PSR.)  In total, the United States has determined that Mr. Stallworth is personally responsible for or helped steal $3,800 from USPS customers.  (PSR ¶ 13.)

The United States believes that the United States Sentencing Guidelines properly account for Mr. Stallworth's criminal conduct.  Specifically, he was assigned a base offense level of 6 and received an additional two points for abusing his position of public trust.  (PSR ¶¶ 22, 25.)  He also received -2 for acceptance of reasonability.  (*Id.* ¶ 29.)  Indeed, Mr. Stallworth waived his Grand Jury rights to immediately engage with the United States in resolution of this matter.  Given that the guidelines properly capture Mr. Stallworth's conduct and provide for a sentencing range of 0-6 months imprisonment, a significant term of supervised probation is appropriate.  Further, given the Mr. Stallworth has financially benefited from his conduct, a fine that covers the amounts he has stolen, and more, is also appropriate.

II. **Mr. Stallworth's History and Characteristics Weigh in Favor of Probation**

Mr. Stallworth has an extremely limited criminal history.  He was convicted of battery and disorderly conduct approximately ten years ago.  (PSR ¶¶ 33-34.)  Other than this case, Mr. Stallworth does not appear to have been arrested or charged with any other criminal conduct since 2003.  (*See id.* ¶¶ 33-38.)  Mr. Stallworth's relatively minor criminal history and length of

time since having any law enforcement contact supports a probationary sentence.

**III.     A 5 Year Sentence of Probation and $8,000 Fine Will Promote Respect for the Law, Provide Just Punishment, Adequate Deterrence, and Protect the Public from Further Crimes of Mr. Stallworth**

Approximately ten years ago, Mr. Stallworth spent 296 days in custody. (PSR ¶ 33.) Then, he spent 60 days in custody shortly thereafter. (*Id.* ¶ 34.) It does not appear that Mr. Stallworth has ever been required to undergo court supervision. Here, he will be required to successfully complete up to five years of supervised probation. To be successful on probation is no small feat. As this Court is likely aware, it requires significant time, commitment, and effort on the part of a defendant. Such a punishment in conjunction with a $8,000 fine will promote respect for the law, protect the public from further crimes, and likely deter other individuals in positions of trust from engaging in similar conduct. Furthermore, Mr. Stallworth is now a convicted felon, which will limit his ability to be put in positions of trust that he can take advantage of.

**IV.     A 5 Year Sentence of Probation and an $8,000 Fine Does Not Promote Unwarranted Sentencing Disparities Between Defendants Who Have Committed Similar Acts**

The United States sentencing guidelines provide for an imprisonment range of 0-6 months. A sentence of probation is consistent with that range. Furthermore, for defendants with a similar guideline range, the average sentence was one month while the median sentence was 0 months. (PSR ¶ 81.) A significant probationary sentence and fine is consistent with these other sentences.

4

**CONCLUSION**

Based on the foregoing, the United States respectfully requests that this Court accept the parties' plea agreement and sentence Mr. Stallworth to a term of 5 years supervised probation and an $8,000.00 fine.

Respectfully submitted,

ALEXANDER M.M. UBALLEZ
United States Attorney


/s/ *Patrick E. Cordova*
Patrick E. Cordova
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico 87102
(505) 346-7274

## CERTIFICATE OF SERVICE

      I hereby certify that on October 12, 2023, I filed the foregoing document electronically through the CM/ECF system, which caused the forgoing to be served on all counsel of record.

/s/ *Patrick E. Cordova*
Patrick E. Cordova
Assistant United States Attorney