IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                      No. 1:23-CR-1085 WJ

JERMAINE STALLWORTH,

    Defendant.

## SENTENCING MEMORANDUM
## ON BEHALF OF JERMAINE STALLWORTH

    Defendant, Jermaine Stallworth, by and through undersigned counsel, respectfully submits this sentencing memorandum and asks that the court accept the FRCP 11(c)(1)(C) plea agreement and sentence Mr. Stallworth to probation.

    United States Probation Officer Saira Bustillos-Quintana calculated the applicable United States Sentencing Guidelines at 0-6 months on the count of unlawful delay and destruction of Mail in violation of 18 U.S.C. §1703(a). This range falls in Zone A. Per USSG §5B1.1 "(a) Subject to the statutory restrictions in subsection (b) below, a sentence of probation is authorized if: (1) the applicable guideline range is in Zone A of the Sentencing Table."

> **i.  The nature and circumstances of the offense and the history and characteristics of the defendant.**

Mr. Stallworth was a supervisor at the United States Post Office in Albuquerque at the Highland Station. He was good at his job and was well liked by his supervisees. Mr. Stallworth broke the trust of everyone, his family, his coworkers, and the customers of the United States Post Office. He acted out of greed. He greatly regrets his actions. He understands and accepts responsibility for this selfish decision.

When his wife, children, and co-workers discovered what he had done, he felt shame. His wife, his daughters, and his co-workers have all expressed their disappointment in him. He intends to work toward regaining their trust. His daughters are aged 26, 23 and 20. Their disappointment is particularly difficult. He taught his daughters to always work hard. He worked hard to set an example of doing well at work, of not taking a job for granted. He explains that he never called in sick to work. His example to them was based on building a sense responsibility in them. "If you've got a job, go to work." He failed to set that good example for them, of being honest, and for that he is remorseful. He has discussed this case with them, and these conversations are steppingstones to getting past this loss of trust.

His wife, E.G., has been supportive and will always be there for him. She has also expressed her disappointment. She has worried for months. She has worried about

everything about his future, to include the worry of whether he would be sentenced to time in custody.

Regarding his co-workers, when he sees them, they tell him about how much they miss him.  Mr. Stallworth did his best to be a supportive supervisor.  He did what he could to cheer up their moods.  Sorting and delivering mail is relentless and hard work.  He understands the pressure of processing the mail and getting things done, getting the mail delivered timely.  He feels he was effective because he treated his co-workers/supervisees with respect.  However, he acted disrespectfully when he committed this crime.

> **ii.     The need for the sentence to be imposed, to reflect the seriousness of the offense, to promote just punishment, to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant.**

Mr. Stallworth has accepted responsibility for his conduct.  He feels the great weight regarding the seriousness of his crime.  He disappointed himself, his family, his co-workers and society.  He asks that the Court accept the FRCP 11(c)(1)(C) agreement and sentence Mr. Stallworth to five years of probation.

Mr. Stallworth had a job at the United States Postal Service that provided for him and his family, and he has lost this job.  He will find work.  However, the job that he will be able to secure will not be as stable nor as able to provide for him and his family.  As

an example, he recently lost his job for an Amazon contractor because the contractor went out of business.  He has obtained a new position with another Amazon contractor which will begin on October 18, 2023.  Mr. Stallworth has accepted his responsibility and has agreed to pay $3,700 in restitution, he has also agreed to a significant fine of $8,000 to be paid directly to the United States Postal Service.  This restitution and fine shows to the Court how serious he sees his actions, and his intent to pay for his actions.

> **iii.   To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

Mr. Stallworth was evaluated for substance abuse issues at Counseling World.  The assessment revealed that he does not have substance abuse issues.  He also is healthy physically and mentally.  He has done well on pretrial supervision, and will do everything possible to continue to abide by any conditions the Court will set in this case.

> **iv.   The kinds of sentence and sentencing range established and the need to avoid unwarranted sentence disparities among defendants.**

Mr. Stallworth's sentencing range is 0-6 months.  This range is in Zone A which allows a sentence of probation.  A sentence of probation as requested in the FRCP 11(c)(1)(C) is within the sentencing range and is therefore not an unwarranted sentencing disparity.  He also agreed and will pay $3,700 in restitution and an $8,000 fine.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489


 /s/  *filed electronically*
IRMA RIVAS, AFPD
Attorney for Mr. Stallworth